**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WALDISA DE ALVARENGA BARBOSA, HELIO COSTA, GILMARA DE SOUZA COSTA, MARIA APARECEDIA COSTA BARBOSA, CONSOLACAO DE SOUSA, ADRIANA GOMES DA SILVA REIS, DELVANIA GONCALVES, AND GENILDA RODRIGUES CLEMENTE, on behalf of themselves and all others similarly situated,<br>　　　　　　　　　Plaintiffs<br>　　　*v.*<br>KELLERMEYER BERGENSONS SERVICES, LLC,<br>　　　　　　　　　Defendant | **CIVIL ACTION**<br><br>**NO.  24-5633-KSM** |

**DEFENDANT KELLERMEYER BERGENSONS SERVICES, LLC'S ANSWER**

Defendant Kellermeyer Bergensons Services, LLC ("Defendant" or "KBS"), by and through its undersigned counsel, hereby submits this Answer to Plaintiffs' Class Action Complaint (the "Complaint").  KBS answers each numbered paragraph as follows:

**NATURE OF THE ACTION**

1.　　KBS admits that Plaintiffs purport this action against it in the manner alleged in Paragraph 1 of the Complaint.  KBS denies all remaining allegations of Paragraph 1 of the Complaint.

2.　　KBS admits the allegations contained in Paragraph 2 of the Complaint.

3.　　KBS denies the allegations contained in Paragraph 3 of the Complaint.

4.　　KBS denies the allegations contained in Paragraph 4 of the Complaint.

5.　　KBS admits that Plaintiffs purport to define the putative collective in the manner described in Paragraph 5 of the Complaint, but denies that it engaged in any wrongdoing, denies that this action should proceed as a class and/or collective action, denies that Plaintiffs and the

putative collective are entitled to any damages, and denies all remaining allegations of Paragraph 5 of the Complaint.

6.      KBS admits that Plaintiffs purport to define the putative class in the manner described in Paragraph 6 of the Complaint, but denies that it engaged in any wrongdoing, denies that this action should proceed as a class and/or collective action, denies that Plaintiffs and the putative class are entitled to any damages, and denies all remaining allegations of Paragraph 6 of the Complaint.

## **PARTIES**

7.      KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Waldisa De Alvarenga Barbosa is an adult individual residing in the City of Philadelphia, in the Commonwealth of Pennsylvania.  KBS denies that Waldisa De Alvarenga Barbosa was at any time an employee of KBS and denies all remaining allegations of Paragraph 7 of the Complaint.

8.      KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Helio Costa is an adult individual residing in the City of Philadelphia, in the Commonwealth of Pennsylvania.  KBS denies that Helio Costa was at any time an employee of KBS and denies all remaining allegations of Paragraph 8 of the Complaint.

9.      KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Gilmara De Souza Costa is an adult individual residing in the City of Philadelphia, in the Commonwealth of Pennsylvania.  KBS denies that Gilmara De Souza Costa was at any time an employee of KBS and denies all remaining allegations of Paragraph 9 of the Complaint.

10.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Maria Aparecedia Costa Barbosa is an adult individual residing in the City of

Philadelphia, in the Commonwealth of Pennsylvania.  KBS denies that Maria Aparecedia Costa Barbosa was at any time an employee of KBS and denies all remaining allegations of Paragraph 10 of the Complaint.

11.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Consolacao de Sousa is an adult individual residing in the City of Philadelphia, in the Commonwealth of Pennsylvania.  KBS denies that Consolacao de Sousa was at any time an employee of KBS and denies all remaining allegations of Paragraph 11 of the Complaint.

12.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Adriana Gomes da Silva Reis is an adult individual residing in the City of Philadelphia, in the Commonwealth of Pennsylvania.  KBS denies that Adriana Gomes da Silva Reis was at any time an employee of KBS and denies all remaining allegations of Paragraph 12 of the Complaint.

13.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Delvania Goncalves is an adult individual residing in the City of Philadelphia, in the Commonwealth of Pennsylvania.  KBS denies that Delvania Goncalves was at any time an employee of KBS and denies all remaining allegations of Paragraph 13 of the Complaint.

14.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Genilda Rodrigues Clemente is an adult individual residing in the City of Philadelphia, in the Commonwealth of Pennsylvania.  KBS denies that Genilda Rodrigues Clemente was at any time an employee of KBS and denies all remaining allegations of Paragraph 14 of the Complaint.

15.    KBS admits the allegations contained in Paragraph 15 of the Complaint.

16.    KBS admits that it is an employer with employees throughout the United States, including the Commonwealth of Pennsylvania and the State of New Jersey.  KBS denies that it is the employer of Plaintiffs and denies all remaining allegations of Paragraph 16 of the Complaint.

17.    KBS admits the allegations contained in Paragraph 24 of the Complaint.

## JURISDICTION AND VENUE

18.    KBS admits that the parties have diversity of citizenship pursuant to 28 U.S.C. § 1332, giving this Court jurisdiction over this matter, but denies Plaintiffs have any valid claims against KBS under any federal, state, or local laws.

19.    KBS admits the allegations contained in Paragraph 19 of the Complaint.

20.    KBS admits the allegations contained in Paragraph 20 of the Complaint.

21.    KBS admits that some of Plaintiffs' claims are brought under federal law, giving this Court subject-matter jurisdiction over this matter, but denies Plaintiffs have any valid claims against KBS under any federal, state, or local laws and denies all remaining allegations of Paragraph 21 of the Complaint.

22.    KBS admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, but denies Plaintiffs have any valid claims under any federal, state, or local laws, that Plaintiffs and putative class members suffered any harm, and denies all remaining allegations of Paragraph 22 of the Complaint.

23.    KBS admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), but denies Plaintiffs have any valid claims against KBS under any federal, state, or local laws and denies all remaining allegations of Paragraph 23 of the Complaint.

## GENERAL ALLEGATIONS RELEVANT TO ALL CLAIMS

24.    KBS admits the allegations contained in Paragraph 24 of the Complaint.

25.    KBS admits that the language quoted in Paragraph 25 is published on its website, but denies that KBS is Plaintiffs' employer and denies all remaining allegations of Paragraph 25 of the Complaint.

26.    KBS admits that it provided janitorial services to an Amazon Fulfillment Center, located at 50 New Canton Way, Robbinsville Township, New Jersey, from the beginning of the alleged class and collective action periods to the present, but denies all remaining allegations of Paragraph 26 of the Complaint.

27.    KBS denies the allegations contained in Paragraph 27 of the Complaint.

28.    KBS denies the allegations contained in Paragraph 28 of the Complaint.

29.    KBS denies the allegations contained in Paragraph 29 of the Complaint.

30.    KBS denies the allegations contained in Paragraph 30 of the Complaint.

31.    KBS denies the allegations contained in Paragraph 31 of the Complaint.

32.    KBS admits that Damaris Sanatana and Claudia Garzon are KBS employees, but denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.    KBS denies the allegations contained in Paragraph 33 of the Complaint.

34.    KBS lacks knowledge or information sufficient to form a belief as to the allegations regarding the entities that allegedly issued the Plaintiffs' paychecks.  KBS denies that it utilized these entities to issue the Plaintiffs' paychecks, that it employed the Plaintiffs, and denies all remaining allegations of Paragraph 34 of the Complaint.

35.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint.

36.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint.

37.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint.

38.    KBS lacks knowledge or information sufficient to form a belief as to the allegations

contained in Paragraph 38 of the Complaint.

39.     KBS lacks knowledge or information sufficient to form a belief as to the entities that paid Plaintiff Gilmara de Souza Costa at any time, but denies that KBS provided her with day-to-day instruction and supervision in any material respect and denies all remaining allegations of Paragraph 39 of the Complaint.

40.     KBS admits that it never provided Plaintiff de Souza Costa with any information regarding her paychecks, but denies that KBS was her employer and denies all remaining allegations of Paragraph 40 of the Complaint.

41.     KBS lacks knowledge or information sufficient to form a belief as to the entities that paid Plaintiff Waldisa De Alvarenga Barbosa at any time.  KBS admits that Plaintiffs purport that the picture on page 5 of the Complaint is of Plaintiff Waldisa De Alvarenga Barbosa and in this picture she is wearing a vest printed with "KBS," but denies that this is a "KBS uniform," that KBS is the employer of Plaintiff Waldisa De Alvarenga Barbosa, and denies all remaining allegations of Paragraph 41 of the Complaint.

42.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiffs and the putative class members regularly worked more than 40 hours per week.  KBS denies that Plaintiffs and putative class members were performing janitorial services at KBS's direction, that Plaintiffs and putative class member are entitled to any overtime compensation or other damages, and denies all remaining allegations of Paragraph 42 of the Complaint.

43.     KBS admits that it complies with federal and New Jersey wage and hour laws.  KBS further admits that it periodically receives advice from employees and outside professionals, including lawyers, about compliance with wage and hour laws.  KBS has no basis to determine who Plaintiffs are referring to when referencing unnamed "skilled lawyers and other professionals,

employees, and advisors," and on that basis, denies that allegation.  To the extent not admitted, the remaining allegations of Paragraph 43 of the Complaint are denied.

44.    KBS denies the allegations contained in Paragraph 44 of the Complaint.

45.    KBS denies the allegations contained in Paragraph 45 of the Complaint.

46.    KBS admits that it is aware of its duty to maintain accurate and complete payroll records with respect to its employees in accordance with both federal and state law, but denies that it willfully, knowingly, and intentionally failed to do so, denies that Plaintiffs were its employees and denies all remaining allegations of Paragraph 46 of the Complaint.

**FACTUAL ALLEGATONS – PLAINTIFF WALDISA DE ALVARENGA BARBOSA**

47.    KBS denies the allegations contained in Paragraph 47 of the Complaint.

48.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint.

49.    KBS denies the allegations contained in Paragraph 49 of the Complaint.

50.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Complaint.

51.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Complaint.

52.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Waldisa De Alvarenga Barbosa consistently worked 40 hours or more each week.  KBS denies that Waldisa De Alvarenga Barbosa was employed by KBS and denies all remaining allegations of Paragraph 52 of the Complaint.

53.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Waldisa De Alvarenga Barbosa was classified as non-exempt under the FLSA and

applicable state wage and hour law and whether she was paid overtime for additional labor. KBS denies that Waldisa De Alvarenga Barbosa was employed by KBS and denies all remaining allegations of Paragraph 53 of the Complaint.

### FACTUAL ALLEGATION – PLAINTIFF HELIO COSTA

54.    KBS denies the allegations contained in Paragraph 54 of the Complaint.

55.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint.

56.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of the Complaint.

57.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Complaint.

58.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Helio Costa consistently worked 40 hours or more each week, but denies that he was employed by KBS and any remaining allegations contained in Paragraph 58 of the Complaint.

59.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Helio Costa was classified as non-exempt under the FLSA and applicable state wage and hour law and whether he was paid overtime for additional labor.  KBS denies that Helio Costa was employed by KBS and denies all remaining allegations of Paragraph 59 of the Complaint.

### FACTUAL ALLEGATIONS – PLAINTIFF GILMARA DE SOUZA COSTA

60.    KBS denies the allegations contained in Paragraph 60 of the Complaint.

61.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the Complaint.

62.    KBS denies the allegations contained in Paragraph 62 of the Complaint.

63.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of the Complaint.

64.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of the Complaint.

65.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of the Complaint.

66.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Gilmara De Souza Costa consistently worked 40 hours or more each week. KBS denies that Gilmara De Souza Costa was employed by KBS and denies all remaining allegations of Paragraph 66 of the Complaint.

67.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Gilmara De Souza Costa was classified as non-exempt under the FLSA and applicable state wage and hour law and whether she was paid overtime for additional labor.  KBS denies that Gilmara De Souza Costa was employed by KBS and denies all remaining allegations of Paragraph 67 of the Complaint.

**FACTUAL ALLEGATIONS – PLAINTIFF MARIA APARECEDIA COSTA BARBOSA**

68.    KBS denies the allegations contained in Paragraph 68 of the Complaint.

69.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 of the Complaint.

70.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of the Complaint.

71.    KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Maria Aparecedia Costa Barbosa consistently worked 40 hours or more each week.  KBS

denies that Maria Aparecedia Costa Barbosa was employed by KBS and denies all remaining allegations of Paragraph 71 of the Complaint.

72.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Maria Aparecedia Costa Barbosa was classified as non-exempt under the FLSA and applicable state wage and hour law and whether she was paid overtime for additional labor.  KBS denies that Maria Aparecedia Costa Barbosa was employed by KBS and denies all remaining allegations of Paragraph 72 of the Complaint.

## FACTUAL ALLEGATIONS – PLAINTIFF CONSOLACAO DE SOUSA

73.     KBS denies the allegations contained in Paragraph 73 of the Complaint.

74.     KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of the Complaint.

75.     KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of the Complaint.

76.     KBS lacks knowledge or information sufficient to form a belief as to the amount of Plaintiff Consolacao de Sousa's compensation.  KBS denies that Consolacao de Sousa was employed by KBS and any denies all remaining allegations of Paragraph 76 of the Complaint.

77.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Consolacao de Sousa consistently worked 40 hours or more each week.  KBS denies that Consolacao de Sousa was employed by KBS and denies all remaining allegations of Paragraph 77 of the Complaint.

78.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Consolacao de Sousa was classified as non-exempt under the FLSA and applicable state wage and hour law and whether she was paid overtime for additional labor. KBS denies that

Consolacao de Sousa was employed by KBS and denies all remaining allegations of Paragraph 78 of the Complaint.

### FACTUAL ALLEGATIONS – PLAINTIFF ADRIANA GOMES DA SILVA REIS

79.     KBS denies the allegations contained in Paragraph 79 of the Complaint.

80.     KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of the Complaint.

81.     KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of the Complaint.

82.     KBS lacks knowledge or information sufficient to form a belief as to the amount of Plaintiff Adriana Gomes da Silva Reis's compensation.  KBS denies that Adriana Gomes da Silva Reis was employed by KBS and denies all remaining allegations of Paragraph 82 of the Complaint.

83.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Adriana Gomes da Silva Reis consistently worked 40 hours or more each week.  KBS denies that Adriana Gomes da Silva Reis was employed by KBS and denies all remaining allegations of Paragraph 83 of the Complaint.

84.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Adriana Gomes da Silva Reis was classified as non-exempt under the FLSA and applicable state wage and hour law and whether she was paid overtime for additional labor.  KBS denies that Adriana Gomes da Silva Reis was employed by KBS and denies all remaining allegations of Paragraph 84 of the Complaint.

### FACTUAL ALLEGATIONS – PLAINTIFF DELVANIA GONCALVES

85.     KBS denies the allegations contained in Paragraph 85 of the Complaint.

86.     KBS lacks knowledge or information sufficient to form a belief as to the allegations

contained in Paragraph 86 of the Complaint.

87.     KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 87 of the Complaint.

88.     KBS lacks knowledge or information sufficient to form a belief as to the amount of Plaintiff Delvania Goncalves's compensation.   KBS denies that Delvania Goncalves was employed by KBS and denies all remaining allegations of Paragraph 88 of the Complaint.

89.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Delvania Goncalves consistently worked 40 hours or more each week.  KBS denies that Delvania Goncalves was employed by KBS and denies all remaining allegations of Paragraph 89 of the Complaint.

90.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Delvania Goncalves was classified as non-exempt under the FLSA and applicable state wage and hour law and whether she was paid overtime for additional labor.  KBS denies that Delvania Goncalves was employed by KBS and denies all remaining allegations of Paragraph 90 of the Complaint.

## **FACTUAL ALLEGATIONS – PLAINTIFF GENILDA RODRIGUES**

91.     KBS denies the allegations contained in Paragraph 91 of the Complaint.

92.     KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of the Complaint.

93.     KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 93 of the Complaint.

94.     KBS lacks knowledge or information sufficient to form a belief as to the amount of Plaintiff Genilda Rodrigues's compensation.  KBS denies that Genilda Rodrigues was employed

by KBS and denies all remaining allegations of Paragraph 94 of the Complaint.

95.     KBS denies the allegations contained in Paragraph 95 of the Complaint.

96.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Genilda Rodrigues consistently worked 40 hours or more per week.  KBS denies that she was employed by KBS and denies all remaining allegations of Paragraph 96 of the Complaint.

97.     KBS denies the allegations contained in Paragraph 97 of the Complaint.

98.     KBS lacks knowledge or information sufficient to form a belief as to whether Plaintiff Genilda Rodrigues was classified as non-exempt under the FLSA and applicable state wage and hour law and whether she was paid overtime for additional labor.  KBS denies that Genilda Rodrigues was employed by KBS and denies all remaining allegations of Paragraph 98 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

99.     KBS denies the allegations contained in Paragraph 99 of the Complaint.

100.    KBS admits that Plaintiffs purport to bring claims under the FLSA on behalf of the putative opt-in collective meeting the definition Plaintiffs articulated in Paragraph 100 of the Complaint.  KBS denies that this litigation is suited for collective treatment, denies that Plaintiffs are direct employees of KBS, denies that Plaintiffs and the putative Collective Action Members were not paid overtime compensation for hours worked in excess of 40 each week, denies that Plaintiffs and the putative Collective Action Members were harmed by KBS in any way, and denies all remaining allegations of Paragraph 100 of the Complaint.

101.    KBS lacks knowledge or information sufficient to form a belief as to Plaintiffs' personal knowledge.  KBS denies that any putative Collective Action Members were not paid overtime as required by federal law and any remaining allegations contained herein.

102.   KBS denies the allegations contained in Paragraph 102 of the Complaint.

103.   KBS denies the allegations contained in Paragraph 103 of the Complaint.

104.   KBS denies the allegations contained in Paragraph 104 of the Complaint.

105.   KBS denies the allegations contained in Paragraph 105 of the Complaint.

106.   KBS denies the allegations contained in Paragraph 106 of the Complaint.

107.   KBS lacks knowledge or information sufficient to form a belief as to Plaintiffs' personal knowledge.  KBS denies that there would be no difficulty encountered in the management of this litigation that would preclude its maintenance as a collective action and denies all remaining allegations of Paragraph 107 of the Complaint.

108.   KBS admits that Plaintiffs purport to reserve certain alleged rights to amend their Complaint, but denies all remaining allegations of Paragraph 108 of the Complaint.

109.   KBS admits that Plaintiffs purport to reserve certain alleged rights, but denies all remaining allegations of Paragraph 109 of the Complaint.

## CLASS ACTION ALLEGATIONS

110.   KBS admits that Plaintiffs purport to bring this action as alleged under Paragraph 110 of the Complaint.  KBS denies that this litigation is suited for class treatment, denies that Plaintiffs and the putative Class Members were harmed by KBS in any way, and denies all remaining allegations of Paragraph 110 of the Complaint.

111.   KBS admits that Plaintiffs purport to bring claims on behalf of the putative class meeting the definition Plaintiffs articulated in Paragraph 111 of the Complaint.  KBS denies that this litigation is suited for class treatment, denies that Plaintiffs are employees of KBS, denies that Plaintiffs and the putative Class Members were harmed by KBS in any way, and denies all remaining allegations of Paragraph 111 of the Complaint.

112.    KBS admits that Plaintiffs purport to reserve certain alleged rights, but denies all remaining allegations of Paragraph 112 of the Complaint.

113.    KBS denies the allegations contained in Paragraph 113 of the Complaint.

114.    KBS lacks knowledge or information sufficient to form a believe as to Plaintiffs' personal knowledge, but denies all remaining allegations of Paragraph 114 of the Complaint.

115.    KBS denies the allegations contained in Paragraph 115 of the Complaint.

116.    KBS denies the allegations contained in Paragraph 116 of the Complaint.

117.    KBS denies the allegations contained in Paragraph 117 of the Complaint.

118.    KBS lacks knowledge or information sufficient to form a belief as to Plaintiffs' counsel's experience in wage and hour class action litigation.  KBS denies all remaining allegations of Paragraph 118 of the Complaint.

119.    KBS denies the allegations contained in Paragraph 119 of the Complaint.

## CAUSES OF ACTION

### COUNT I
### FEDERAL FAIR LABOR STANDARDS ACTION
### ON BEHALF OF THE COLLECTIVE ACTION

120.    KBS restates and incorporates by reference each and every answer to each and every allegation in the preceding paragraphs.

121.    KBS denies the allegations contained in Paragraph 121 of the Complaint.

122.    KBS admits that it is an enterprise engaged in commerce under the FLSA.  KBS denies all remaining allegations of Paragraph 122 of the Complaint.

123.    KBS denies the allegations contained in Paragraph 123 of the Complaint.

124.    KBS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 124 of the Complaint.

125.    KBS denies the allegations contained in Paragraph 125 of the Complaint.

126.    KBS denies the allegations contained in Paragraph 126 of the Complaint.

127.    KBS denies the allegations contained in Paragraph 127 of the Complaint.

128.    KBS admits that it is required to pay its nonexempt employees time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant 7-day workweek under the FLSA.  KBS denies that it is Plaintiffs' employer, denies that Plaintiffs and putative Collective Action Members were harmed in any way, and denies all remaining allegations of Paragraph 128 of the Complaint.

129.    KBS denies the allegations contained in Paragraph 129 of the Complaint.

130.    The allegations in Paragraph 130 of the Complaint are conclusions of law to which no response is required.

131.    The allegations in Paragraph 131 of the Complaint are conclusions of law to which no response is required.

132.    KBS denies the allegations in Paragraph 132 of the Complaint.

133.    The allegations in Paragraph 133 of the Complaint are conclusions of law to which no response is required.

134.    The allegations in Paragraph 134 of the Complaint are conclusions of law to which no response is required.

135.    The allegations in Paragraph 135 of the Complaint are conclusions of law to which no response is required.

136.    The allegations in Paragraph 136 of the Complaint are conclusions of law to which no response is required.

137.    KBS denies the allegations in Paragraph 137 of the Complaint.

138.    KBS denies the allegations in Paragraph 138 of the Complaint.

139.    KBS denies the allegations in Paragraph 139 of the Complaint.

140.    KBS admits that Plaintiffs plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim.  KBS denies that Plaintiffs and putative Collective Action Members have any viable claim(s), denies that Plaintiffs and putative Collective Action Members were harmed in any way, and denies all remaining allegations of Paragraph 140 of the Complaint.

141.    KBS admits that Plaintiffs seek the damages described in Paragraph 141 of the Complaint.  KBS denies that Plaintiffs and putative Collective Action Members have any viable claim, denies that Plaintiffs and putative Collective Action Members were harmed in any way, and denies all remaining allegations of Paragraph 141 of the Complaint.

## COUNT II
## UNPAID OVERTIME WAGES UNDER NEW JERSEY WAGE AND HOUR LAW
## ON BEHALF OF THE RULE 23(B) CLASS ONLY

142.    KBS restates and incorporates by reference each and every answer to each and every allegation in the preceding paragraphs.

143.    KBS admits that it is an "employer" within the meaning of the New Jersey Wage and Hour Law.  KBS denies that it employed Plaintiffs, denies that Plaintiffs and members of the Proposed Class have any viable claim, denies that Plaintiffs and members of the Proposed Class were harmed in any way, and denies any remaining allegations of Paragraph 143 of the Complaint.

144.    KBS denies the allegations contained in Paragraph 144 of the Complaint.

145.    KBS denies the allegations contained in Paragraph 145 of the Complaint.

146.    KBS denies the allegations contained in Paragraph 146 of the Complaint.

147.    KBS denies the allegations contained in Paragraph 147 of the Complaint.

## PRAYER FOR RELIEF

KBS denies that certification of the FLSA collective action or the Rule 23(b)(3) class action is warranted, denies that Plaintiffs have been damaged in any amount or that Plaintiffs are entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails because KBS is not a joint employer of Plaintiffs or certain of the putative Class and/or Collective Action Members.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint are barred, in whole or in part, by the doctrines of payment and accord and satisfaction because Plaintiffs and/or the putative Class and/or Collective Action Members were compensated for all sums legally due under the FLSA and New Jersey law.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent some or all of the time allegedly worked by Plaintiffs and/or the putative Class and/or Collective Action Members is not compensable pursuant to the provisions of the FLSA or the Portal-to-Portal Act of 1947, 29 U.S.C. § 254.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the provisions of the Portal-to-Portal Act of 1947, 29 U.S.C. § 254, as to all hours during which Plaintiffs and/or the putative Class and/or Collective Action Members were engaged in activities which were preliminary or postliminary to their principal activities.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent some of the time allegedly worked by Plaintiffs and/or the putative Class and/or Collective Action Members is not compensable because it does not constitute "hours worked" within the meaning of the applicable law.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiffs and/or the putative Class and/or Collective Action Members were paid for all compensable working time in accordance with applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent some or all of the disputed time for which and/or the putative Class and/or Collective Action Members claim to be owed wages is not compensable pursuant to the *de minimis* doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent KBS did not suffer or permit the work to be done and did not have actual or constructive knowledge that any unpaid work was performed.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiffs are inadequate representatives of the purported class; (b) Plaintiffs cannot establish commonality of claims; (c) Plaintiffs cannot establish typicality of claims; (d) the individualized nature of their claims make class treatment inappropriate; (e) any trial on a class basis would be unmanageable; (f) the interests

of certain members of the putative class are in conflict with the interests of the other members of the putative class; and (g) Plaintiffs cannot establish that class treatment of the claims alleged in the Complaint is superior to other methods of adjudicating the controversy.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to pursue relief on behalf of the individuals whom they purport to represent.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that KBS is found to have violated any applicable law, which such violation KBS expressly denies, any such violation was not willful and does not warrant imposition of liquidated damages or other penalties.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that KBS is found to have violated any applicable law, which such violation KBS expressly denies, any such violation was the result of reasonable, good-faith error and does not warrant imposition of liquidated damages or other penalties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any award of civil, regulatory, or statutory penalties in the circumstances of this case would be unjust, arbitrary, oppressive, and confiscatory, and would violate the due process and excessive fines clauses of the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover damages in this action because, under the circumstances

presented, that would constitute unjust enrichment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from recovering any damages, or any recovery must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint are barred, in whole or in part, by Plaintiffs' unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiffs are barred to the extent they are speculative in nature.

\*\*\*

KBS respectfully reserves the right, pending completion of discovery, to assert any additional defenses that may exist.

\*\*\*

WHEREFORE, KBS respectfully prays for judgment as follows:

1.      That collective certification be denied;

2.      That class certification be denied;

3.      That Plaintiffs take nothing by reason of their Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for KBS;

4.      That KBS be awarded its reasonable costs and attorneys' fees; and

5.      That KBS be awarded such other and further relief as the Court deems just and

proper.

DATED:          December 13, 2024            PAUL HASTINGS LLP

By:        _____*/s/ Jeffrey A. Sturgeon*_____
Jeffrey A. Sturgeon (# 5689336)
Paul Evans
1650 Market Street
Philadelphia, Pennsylvania 19103

200 Park Avenue
New York, New York 10166
(t): (212) 318-6000
(f): (212) 230-7646
jeffreysturgeon@paulhastings.com
paulevans@paulhastings.com

Zara H. Shore (admitted *pro hac vice*)
2050 M Street NW
Washington, District of Columbia 20036
(t): (202) 551-1727
(f): (202) 551-0227
zarashore@paulhastings.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2024, a copy of the foregoing Defendant Kellermeyer Bergensons Services, LLC's Answer was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

        */s/ Jeffrey A. Sturgeon*
Jeffrey A. Sturgeon