IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALDISA DE ALVARENGA BARBOSA, *et al.*, on behalf of themselves and all others similarly situated | : <br> : <br> : <br> : <br> : CIVIL ACTION <br> : <br> : <br> v.  : NO. 24-5633 <br> : <br> KELLERMEYER BERGENSONS : <br> SERVICES, LLC  : <br> : |

MEMORANDUM OPINION

**Henry, J.**                                                                 **October 21, 2025**

Pending before the Court is Plaintiffs' Motion for Conditional Certification and to Issue Notice Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (ECF No. 25). Upon review of the Motion and the responses and replies thereto, and after oral argument held on September 22, 2025, I now grant the Motion in part. Plaintiff's Motion as it pertains to conditional certification is granted. The Motion as it pertains to the notice and dissemination plan is denied without prejudice, and the parties are ordered to meet and confer as to the contents of the plan and provide the Court with a jointly agreed-upon plan no later than November 18, 2025.

I.   BACKGROUND

Plaintiffs filed their Collective Action and Class Action Complaint on October 23, 2024 alleging violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*) ("FLSA") and the New Jersey Wage and Hour Law (N.J. Stat. Ann. §§ 34:11-56a *et seq.*). Plaintiffs allege that Defendant Kellermeyer Bergensons Services ("KBS") failed to pay them and other similarly situated employees across the country for overtime work performed as janitorial staff. *See* Compl.

1

at ¶¶ 3-4.  KBS, in response, asserts affirmative defenses including, among other things, that it is not a joint employer of Plaintiffs.  *See* Ans. at 18.

According to the Motion, KBS has a contract with Amazon to provide janitorial services at various Amazon Fulfillment Services, Inc. ("Amazon") facilities across the United States.  Mot. at 1.  Plaintiffs allege that KBS subcontracted with Majestic Quality Maintenance (later known as Magic Quality Maintenance, and both of which are referred to as "MQM") to assist with the work at Amazon.  *Id.*  According to Plaintiffs, although it was impossible for any observer to tell which Amazon janitors received a paycheck from KBS as opposed to MQM, the MQM janitors did not receive pay for overtime.  *Id.*  Plaintiffs allege that KBS had actual notice of this failure to pay overtime as early as 2021.  *Id.*

Plaintiffs seek to conditionally certify the collective, defined as "[a]ll persons throughout the United States who work, or worked, at an Amazon facility providing janitorial services on behalf of Defendant Kellermeyer Bergensons Services LLC and Majestic (and/or Magic) Quality Maintenance from October 24, 2021, through the date of Collective Certification who were compensated on an hourly basis but not paid overtime."  Mot. at 2.

## II.    LEGAL STANDARD

The FLSA authorizes collective actions by which employees may bring suit on behalf of themselves and others who are similarly situated.  *See* 29 U.S.C. § 216(b).  Unlike in a class action, similarly situated employees in a collective action must affirmatively opt in to be part of the lawsuit.  *Halle v. West Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016).

The Third Circuit has authorized a two-step process for certifying a collective.  *See Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012).  The first step—which is presently before the Court—is conditional certification, in which a plaintiff must "make a modest factual showing to demonstrate a factual nexus between the manner in which the employer's alleged

policy affected him or her and the manner in which it affected the proposed collective action members." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 85 (3d Cir. 2017) (internal citations omitted). The "modest factual showing" standard is "fairly lenient" and "typically results in a grant of conditional certification." *Bowser v. Empyrean Services, LLC*, 324 F.R.D. 346, 352 (W.D. Pa. 2018). If the plaintiff meets this burden, a court-approved notice is sent to members of the proposed collective. The second stage of collective certification, known as "final certification," takes place after further discovery. At the final certification stage, the plaintiff bears the burden of showing that those collective members who opted in are in fact similarly situated. *See Zavala*, 691 F.3d at 536 n.4.

### III. DISCUSSION

#### A. Standard of Review

As an initial matter, KBS argues that in considering the Motion, the Court should employ a heightened standard of review because there has already been extensive discovery on the issue of certification. *See* ECF No. 28 ("Opp.") at 12-14. KBS requests a standard of review similar to that of final certification. Indeed, some courts in the Third Circuit apply an intermediate "modest plus" standard of review when the parties have engaged in more extensive discovery prior to the motion for conditional certification. *See Sloane v. Gulf Interstate Field Servs., Inc.*, No. 16-cv-01571, 2017 WL 1105236, at *10 (M.D. Pa. Mar. 24, 2017); *Swank v. Wal-Mart Stores, Inc.*, No. 13-cv-1185, 2018 WL 2684102, at *10 (W.D. Pa. June 5, 2018) (applying a "more searching standard"). The "modest plus" standard requires that a plaintiff make "some factual showing that the similarly situated requirement is satisfied, as a result of the discovery as measured against the original allegations and defenses." *See Sloane*, 2017 WL 1105236 at *10 (internal citations omitted).

3

Plaintiffs submit that the typical modest factual showing standard should apply because there has been only limited discovery. *See* ECF No. 33 ("Reply") at 2-4. This is consistent with case law in which courts declined to apply a heightened standard of review because discovery had been limited to the issue of conditional certification or the case was otherwise relatively undeveloped. *See Bowser*, 324 F.R.D. at 351 (declining to use the intermediate standard because the discovery completed was not substantial or extensive, but instead was only an "initial phase" of fact discovery); *McGhee v. TOMS King, LLC*, No. 19-cv-01470, 2021 WL 1176097, at *4 (W.D. Pa. Mar. 29, 2021) (declining to use the intermediate standard because "discovery ha[d] not concluded, no potential plaintiffs ha[d] opted in, and the case [was] not trial-ready").

I decline to use a heightened standard of review here and will instead apply the typical modest factual showing standard. It is clear that discovery is still ongoing and the case is not ready for trial. *See Bowser*, 324 F.R.D. at 351. And the discovery in this case so far has been limited to the issue of conditional certification, further indicating that the lesser standard is appropriate. *See* ECF No. 15 (December 17, 2024 Scheduling Order setting the deadline for "[a]ll discovery related to whether conditional certification of the proposed class of individuals is appropriate"); *see also McGhee*, 2021 WL 1176097, at *4. I therefore will require Plaintiffs to only make a modest factual showing that the proposed collective is similarly situated.

### B. Conditional Certification

Plaintiffs seek to conditionally certify a collective of the following individuals:

> All persons throughout the United States who work, or worked, at an Amazon facility providing janitorial services on behalf of Defendant Kellermeyer Bergensons Services LLC and Majestic (and/or Magic) Quality Maintenance from October 24, 2021, through the date of Collective Certification who were compensated on an hourly basis but not paid overtime.

Mot. at 2. They contend that the proposed opt-in collective members are similarly situated because they all face the same question of whether KBS is to be considered a joint employer and

4

thus jointly responsible for any unpaid overtime. Mot. at 1-2. Indeed, much of Plaintiffs' Motion focuses on setting forth facts that could tend to show that KBS is a joint employer of Plaintiffs and all others performing work on behalf of MQM through KBS at Amazon facilities.

KBS argues that this theory must fail because the question of whether KBS is a joint employer "necessitates a highly individualized, fact-based analysis of the employment circumstances at each applicable Amazon facility." Opp. at 20. Although KBS may be correct that the circumstances vary from facility to facility, it is too early at this point to make the decision to deny certification on that basis. As the question of whether a party is a joint employer is better resolved at the final stage of certification, *see McGhee*, 2021 WL 1176097, at *8, further discovery on the issue is necessary. The Court will determine whether the circumstances vary too much from facility to facility to justify certification at the second stage. *See Bowser*, 324 F.R.D. at 352 ("Whether individualized determinations will predominate and render this case unsuitable for a collective action is more appropriately reviewed during step two of the certification process.") (internal citations omitted).

KBS further argues that the Court should deny conditional certification because Plaintiffs have not identified a formal decision, policy, or plan applicable to all workers that indicates a failure to provide overtime. *See* Opp. at 16-18. KBS is correct that Plaintiffs need to show that the FLSA violations were caused by a single decision, policy, or plan. *See Boes v. Applied Analysis Corp.*, No. 19-cv-505, 2020 WL 1526635, at *3 (E.D. Pa. Mar. 30, 2020) ("If a plaintiff fails to produce evidence that the FLSA violations suffered by the collective were caused by a single decision, policy, or plan, then the motion for conditional certification should be denied."). But KBS's arguments that no such policy existed seem to rely on its argument that KBS instructed MQM to pay its employees properly and thus could not have had a practice of failing to pay the proposed collective overtime. That argument goes to the merits of Plaintiff's joint employer theory

of the case and is thus improper for the Court to consider at this stage. *See Sullivan-Blake v. FedEx Ground Package Sys., Inc.*, No. 18-cv-1698, 2019 WL 4750141, at *4 (W.D. Pa. Sept. 30, 2019) (contentions focusing on the merits of a plaintiff's claims are improper at the conditional certification stage). I am thus satisfied at this stage of the litigation that Plaintiffs have made its modest factual showing that there is some sort of "no overtime" policy for MQM personnel at Amazon facilities.

KBS additionally objects to the collective being conditionally certified at a nationwide level and instead asks the Court to limit the geographic range of the collective, based upon its arguments that Plaintiffs have not provided evidence that there are collective members nationwide and that a nationwide collective would be unduly cumbersome. *See* Opp. at 18-20; 22-23. Upon reviewing the briefing and exhibits, I am satisfied at this point in the litigation that Plaintiffs have provided sufficient evidence to show that it is beyond mere speculation that there may be collective members nationwide who will advance similar claims. This of course can be re-evaluated at the second step of the certification process, but for now, I find that it is appropriate to allow discovery to proceed at the nationwide level.

### C. Notice and Dissemination Plan

Plaintiffs ask the Court to authorize the mailing of notice to all individuals who worked for KBS via MQM at Amazon locations throughout the country beginning October 24, 2021 (three years before the Complaint was filed) through the present. Mot. at 22. Plaintiffs also ask the Court to order KBS to produce employee contact information so it can distribute notice by U.S. mail, email, and through a stand-alone website. *Id.* at 23-24. KBS responds that it does not maintain the contact information for the proposed collective, and otherwise objects to the disclosure of email addresses and phone numbers. Opp. at 24-25. I do not see a problem with the use of email, U.S.

mail, and phone numbers in providing notice under these circumstances and thus reject KBS's objections.

Plaintiffs also request that the Court authorize a reminder notice to be sent to any collective members who have not returned a consent to join form by the half-way point of the notice period, to which KBS objects. Mot. at 24; Opp. at 25. I similarly do not see a problem with a reminder notice under these circumstances and will allow it in this case.

KBS requests that I order the parties to meet and confer as to the requested notice and dissemination plan. I will thus order the parties to meet and confer on this issue, keeping in mind that I am permitting the disclosure of emails and phone numbers and a reminder notice. The parties shall provide the Court with their agreed-upon notice and dissemination plan for approval no later than November 18, 2025.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Certification is granted in part. The collective is conditionally certified as follows:

> All persons throughout the United States who work, or worked, at an Amazon facility providing janitorial services on behalf of Defendant Kellermeyer Bergensons Services LLC and Majestic (and/or Magic) Quality Maintenance from October 24, 2021 through the date of this Collective Certification who were compensated on an hourly basis but not paid overtime.

The parties are ordered to meet and confer and provide a proposed notice and dissemination plan to the Court by November 18, 2025.